# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

D'ARIOUS BUSH,

        Plaintiff,

v.                                                                      Case No:  6:12-cv-1541-Orl-36TBS

CITY OF DAYTONA BEACH,

        Defendant.
_____/

## ORDER

This cause comes before the Court upon Defendant City of Daytona Beach's ("Defendant") Amended Motion to Dismiss Complaint ("Motion to Dismiss") (Doc. 7).  In its Motion to Dismiss, Defendant argues that Plaintiff D'Arious Bush's ("Plaintiff") Complaint (Doc. 2) should be dismissed for lack of jurisdiction and failure to state a claim.  Doc. 7, pp. 3-15. Plaintiff filed a Response in opposition to Defendant's Amended Motion to Dismiss Complaint ("Response") (Doc. 15).  Upon consideration and for the reasons that follow, the Court will grant the Defendant's Motion to Dismiss.

### I.    BACKGROUND

#### A. Facts[1]

At all relevant times, Plaintiff was a resident of Volusia County, Florida.  Doc. 2, ¶ 2.  On January 28, 2008, Plaintiff was arrested by Defendant's Police Department pursuant to allegations of a home invasion with a firearm.  *Id.* at ¶ 4.  At the time of his arrest, Plaintiff was under the age of 18.  *Id.* at ¶ 5.  Following his arrest, Plaintiff was detained at the Volusia County

---

[1] The following statement of facts is derived from Plaintiff's Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992); Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp. S.A., 711 F. 2d 989, 994 (11th Cir. 1983).

Detention Center and then transferred to the Volusia County Branch Jail, where he was held through May 23, 2008.  *Id.* at ¶¶ 7, 8.

On May 23, 2008, the State Attorney dismissed charges against Plaintiff when, allegedly, the pertinent witnesses indicated that Plaintiff was not responsible for the crime.  *Id.* at ¶¶ 16-17. As a result of his incarceration, Plaintiff suffered mental anguish and humiliation, as well as loss of employment and educational opportunities.  *Id.* at ¶ 18.

On May 12, 2009, Plaintiff filed a Notice of Intent to Sue pursuant to Florida Statute Chapter 768.  *Id.* at ¶ 19.

### B. Procedural History.

On May 22, 2012, Plaintiff filed a Complaint in the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida.  Doc. 2.  Plaintiff's Complaint alleges six counts against Defendant: (I) negligence; (II) false imprisonment; (III) violation of constitutional rights pursuant to 42 U.S.C. §1983; (IV) negligence; (V) false imprisonment; and (VI) violation of constitutional rights pursuant to 42 U.S.C. §1983.[2]  *Id.* at ¶¶ 4-95.  On October 11, 2012, Defendant filed a Notice of Removal.  Doc. 1.

In the Complaint, Plaintiff alleges that Defendant had a duty to ensure that a reasonable investigation was conducted and incorporated into its charging affidavit ("Charging Affidavit"), and that Plaintiff was falsely arrested.  *Id*. at ¶ 10.  Plaintiff further alleges that Defendant breached its duty by failing to ensure that the witnesses' statements were reliable.  *Id.* at ¶ 11. Plaintiff also alleges that Defendant failed to conduct an investigation throughout his incarceration.  *Id.* at ¶ 14.  The instant Motion to Dismiss ensued.  *See* Docs. 7, 15.

---

[2] The Court addresses and dismisses the duplicative claims in III(A).

2

## II. STANDARD

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp, v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* at 1950. Therefore, although a complaint does not need detailed factual allegations to survive a challenge under Rule 12(b)(6), a plaintiff is still obligated to provide the "grounds" for his entitlement to relief. *City of Winter Haven v. Cleveland Indians Baseball Co., LP*, 2009 WL 1107670, *1 (M.D. Fla. 2009); *see Iqbal*, 129 S. Ct. at 1950 ("only a claim that states a plausible claim for relief survives a motion to dismiss.").

## III. ANALYSIS

### A. Dismissal of duplicative claims

As a preliminary matter, the Court must dismiss Plaintiff's duplicative claims. Upon review, Plaintiff's Count I alleging negligence and Count IV alleging negligence are virtually identical. The only difference in the allegations between Counts I and IV appears to be the date of Plaintiff's alleged release from incarceration, which is alleged as May 23, 2008 in Count I and as May 22, 2008 in Count IV. *See* Doc. 2, ¶¶ 16, 62. *See* Doc. 2, ¶¶ 4-19, 50-65. Similarly,

3

Plaintiff's Counts II and V, each alleging false imprisonment, are effectively identical.[3] *Id.* at ¶¶ 20-31, 66-77.  Finally, Plaintiff's Counts III and VI, each alleging a violation of constitutional rights, are duplicative.[4] *Id.* at ¶¶ 32-49, 78-95.  Plaintiff submits that the allegations in Counts I, II and III pertain to his arrest for an alleged home invasion/robbery with a firearm and the allegations in Counts IV, V, and VI pertain to his arrest for an alleged carjacking.  Plaintiff was arrested for both offenses on January 28, 2008, presumably at the same time. On the bare facts alleged in the Complaint regarding the home invasion/robbery with a firearm and carjacking, the counts appear to be duplicative.  Accordingly, the Court dismisses Counts IV, V and VI as duplicative and addresses Plaintiff's Counts I, II and III.

### B.  Statute of Limitations

Count I alleges negligence based on the police investigation and preparation of the Charging Affidavit resulting in Plaintiff's arrest.  Doc. 2, ¶¶ 4-19.  Count II alleges false imprisonment on the same basis.  *Id.* at ¶¶ 20-31.  Count III alleges a violation of constitutional rights pursuant to 42 U.S.C. § 1983 for Defendant's alleged "failure to conduct a reasonable investigation to ensure the accuracy of witness identification of the Plaintiff and/or to determine whether the Plaintiff was the individual who committed the crime."  *Id.* at ¶ 40.  Defendant argues that a Rule 12(b)(6) dismissal is appropriate where, as here, it is apparent from the face of the complaint the claim is time-barred.  *See* Fed. R. Civ. P. 12(b)(6); Doc. 7, p. 3 (citing *La Grasta v. First Union Secs., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004)).

---

[3] Again, the only difference between Counts II and V in Plaintiff's Complaint is the alleged date of Plaintiff's release from incarceration.  *See* Doc. 2, ¶¶ 16, 74.

[4] Again, the only difference between Counts III and VI in Plaintiff's Complaint is the alleged date of Plaintiff's release from incarceration.  *See* Doc. 2, ¶¶ 39, 85.

### i. Plaintiff's negligence claim is time barred

With respect to Count I, a state law negligence claim against a municipality must be brought within four years from the date of accrual. Fla. Stat. § 768.28(14).[5] Under Florida law, the cause of action accrues when the last element constituting the cause of action occurred. *See* Fla. Stat. § 95.031(1). Here, Plaintiff alleges that Defendant conducted a negligent investigation leading to his arrest and charges by the State Attorney's office. Doc. 2, ¶ 6. However, as Defendant argues, a plain reading of section 95.031(1) indicates that the date of Plaintiff's arrest was the "last element constituting the cause of action" for the alleged negligence in the criminal investigation and preparation of the Charging Affidavit. *See* Fla. Stat. § 95.031(1); Doc. 7, p. 4. Plaintiff was arrested on January 28, 2008, significantly more than four years before first filing a complaint in State Circuit Court, on May 22, 2012. *See* Doc. 2.

In an apparent attempt to avoid the statute of limitations, Plaintiff alleges that Defendant's police officers knew or should have known that they failed to conduct a reasonable investigation "on a continual basis" throughout Plaintiff's incarceration, which lasted until May 23, 2008. Doc. 2, ¶ 13. However, as Defendant argues, Florida's continuing tort doctrine is inapplicable to the instant action. Doc. 7, p. 4; *see Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001); *Manley v. Stube*, 2010 WL 935701 (M.D. Fla. 2010).

The continuing violation doctrine is premised on the notion that statutes of limitation ought not to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated. *Hipp*, 252 F.3d at 1222. The purpose of permitting a plaintiff to maintain a cause of action on the continuing violation theory is to permit the

---

[5] "Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues…" Fla. Stat. § 768.28(14).

inclusion of acts whose character as discriminatory or harmful acts was not apparent at the time they occurred. *Id.* However, when a defendant's damage-causing act is completed, the existence of continuing damages to plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort. *Suarez v. City of Tampa,* 987 So.2d 681, 686 (Fla. 2nd DCA 2008). In its Response, Plaintiff insists that Defendant continued to negligently investigate Plaintiff's case and did not learn that the witnesses could not identify Plaintiff until May 23, 2008. Doc. 15, ¶ 10. Thus, Plaintiff insists that Defendant's tortious acts continued through the date of the trial for the purposes of the statute of limitations. *Id.* (citing *Suarez*, 987 So. 2d at 686)).

Upon consideration, the Court agrees with Defendant that while the length of Plaintiff's incarceration is relevant to alleged damages, it is irrelevant to the alleged negligence of the investigation and arrest. In its Response, Plaintiff has provided no authority, and the Court is unaware of any, supporting the theory that incarceration amounts to continuing negligence on the tort of false arrest.[6] *See* Doc. 15. Indeed, a continuing tort is "established by continual tortious *acts*, not by continual harmful effects from an original, completed act." *Suarez*, 987 So. 2d at 686 (citing *Horvath v. Delida*, 213 Mich. App. 620 (1995)). Here, Defendant's alleged negligence with respect to its investigation accrued at the time of Plaintiff's arrest in January 2008. Doc. 2, ¶ 4. Accordingly, since the accrual for Plaintiff's negligence claim regarding

---

[6] Indeed, Plaintiff's cited cases do not support his argument. In *Laney v. American Equity Inv. Life Ins. Co.*, although recognizing that the statute of limitations runs from the date that the tortious conduct ceases, the Court held that a factual question precluded summary judgment on whether the churning brokerage action at issue constituted a continuing tort. 243 F. Supp. 2d 1347, 1357 (M.D. Fla. 2003). Further, contrary to Plaintiff's characterization, *Harris v. Lewis State Bank*, describes the tort of malicious prosecution and does not support the theory that negligence with respect to a charging instrument can continue through incarceration. *See* 482 So. 2d 1378, 1384 (Fla. 1st DCA 1986)

investigation and preparation of the Charging Affidavit is Plaintiff's arrest on January 28, 2008, his claim of negligence is untimely. *See* Fla. Stat. § 768.28(14).

### ii. Plaintiff's false imprisonment claim is time barred

Similarly, Defendant argues that Plaintiff's cause of action for false imprisonment must be commenced within four years of the date of accrual and is untimely. Doc. 7, p. 5; *see* Fla. Stat. § 95.11(o). Indeed, it is established that the cause of action for false imprisonment accrues on the day of arrest. *See, e.g. Dade v. Metro-Dade Police Dept.*, 557 So. 2d 608 (Fla. 3d DCA1990) (affirming that the false imprisonment claim accrued at the time of plaintiff's arrest rather than several years later when he allegedly discovered the subject computer error); *Leatherwood v. City of Key West*, 347 So. 2d 442, 442 (Fla. 3d DCA 1977) (holding that a cause of action for false arrest and imprisonment accrues on the day of Plaintiff's arrest). In Response, Plaintiff merely refers to its argument on continuing torts and states that "the same analysis would apply to Plaintiffs' causes of action based upon false arrest/imprisonment as well as Civil Rights violations." Doc. 15, ¶ 11.

Accordingly, because any claim for false imprisonment accrued on the date of Plaintiff's arrest in January 2008, Count II alleging false imprisonment is barred by the statute of limitations and must be dismissed. *See* Fla. Stat. § 95.11(o).

### iii. Plaintiff's 42 U.S.C. § 1983 claim is untimely

Defendant argues that the state statute of limitations for the personal injury action at issue is applicable in § 1983 cases. Doc. 7, p. 6 (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)). Indeed, the Supreme Court clarified that when a State has several statutes of limitation for its personal injury actions, such as Florida, courts should borrow the residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that


where state law provides multiple statutes of limitations for personal injury actions, courts considering a § 1983 claim should borrow the general or residual statute for personal injury actions."). Therefore, Plaintiff's § 1983 claim is governed by the residual personal injury statute of limitations, which permits an action to be brought four years from the date of accrual. Fla. Stat. §95.11(3)(p); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).

Although the statute of limitations in a § 1983 claim is governed by Florida's statute of limitations, the date of accrual of a cause of action is governed by federal law. *See Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996); *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987). Indeed, the statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax*, 817 F.2d at 716. Upon review of the Complaint, it appears that Plaintiff's § 1983 claim is grounded in Defendant's alleged failure to conduct a reasonable investigation and failure to train police officers in investigative procedure that conformed with the Fourth and Fourteenth Amendments. *See* Doc. 2, ¶¶ 41-46. In the Eleventh Circuit, a § 1983 failure to train claim against a municipality is valid only where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights. *Williams v. City of Homestead, Fla.*, 206 Fed. Appx. 886, 890 (11th Cir. 2006). The Court agrees that the facts supporting Plaintiff's inadequate training claim must have occurred prior to his arrest in January 2008. Doc. 7, p. 7. Again, Plaintiff has provided no support, and the Court is unaware of any, that would support extending the date of accrual of this claim through the length of Plaintiff's incarceration in 2008. *See* Doc. 15. Accordingly, Plaintiff's § 1983 claim is untimely and must be dismissed.

### C. Defendant is entitled to sovereign immunity on Count I

Although the Court has found that Plaintiff's claims are untimely, it will briefly address Defendant's other dispositive arguments.

First, Defendant is entitled to sovereign immunity from claims of negligent investigation pursuant to Florida Statute § 768.28. Under Florida law, negligent conduct in police investigations does not give rise to a cause of action because the duty to protect the public is owed to the public generally. *Pritchett v. City of Homestead*, 855 So. 2d 1164, 1165 (Fla. 3d DCA 2003). There is no legal duty of care to the person who is the subject of a criminal investigation. *Id.*; *Stephen v. State*, 659 So. 2d 705 (Fla. 3d DCA 1995); *Seguine v. City of Miami*, 627 So. 2d 14 (Fla. 3d DCA 1993). Recently, following his false arrest based upon a misidentification, a plaintiff sued the County, Sherriff, and investigating officers claiming negligent investigation. *Pleas v. Manatee County*, 2012 WL 1964328, *2 (M.D. Fla. 2012). Upon review, the *Pleas* Court found that even if plaintiff had pled facts sufficient to show that his arrest was negligent, "negligent false arrest is not a recognized claim in Florida." *Id.*

In its Response, Plaintiff argues that a municipality has a duty to perform a reasonable investigation, citing *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004). Doc. 15, p. 4. However, in *Kingsland,* the Eleventh Circuit addresses the constitutionality of the investigation at issue in the context of a 42 U.S.C. § 1983 claim, and the Florida state tort of malicious prosecution. *Kingsland*, 382 F.3d at 1228-36. The *Kingsland* Court does not address a state law claim of negligent investigation.[7] *Id.*

---

[7] Similarly, Plaintiff's citation to the elements of a simple negligence claim is misguided. *See* Doc. 15, p. 4 (citing *Harris v. Lewis State Bank*, 482 So. 2d 1378 (Fla. 1st DA 1986)). In *Harris*, an individual brought an action for false imprisonment and malicious prosecution against a bank, not a municipality. *Harris*, 482 So. 2d at 1379.

Therefore, because Defendant is protected by sovereign immunity against a claim of negligent investigation, Plaintiff has failed to state a claim in Count I upon which relief can be granted.  Fl. Stat. § 768.28; *Pritchett*, 855 So. 2d at 1165.

### D.  Plaintiff has failed to state a claim for false imprisonment

In support of his claim for false imprisonment, Plaintiff alleges that he was arrested "amid allegations of home invasion/robbery with a firearm," and at the time of arrest, "the Defendant alleged pursuant to that investigation that there were witnesses who identified the Plaintiff at the location where the alleged crime took place."  Doc. 2, ¶ ¶ 20, 24.

Under Florida law, the tort of false imprisonment is defined as "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty."  *Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006).  In a false arrest or false imprisonment claim, probable cause by the Defendant is a complete affirmative defense.  *City of St. Petersburg v. Austrino*, 898 So. 2d 955, 960 (Fla. 2d 1st DCA 2005).  Thus, to prevail on a claim of false imprisonment, a plaintiff must show his detention was by someone without the authority to detain him.  *Id.*; *Rivers v. Dillards Dep't Store, Inc.*, 698 So. 2d 1328, 1331 (Fla. DCA 1997).  Alternatively, if an imprisonment is under legal authority, it can be malicious, but it cannot be false.  *Willingham v. City of Orlando*, 929 So. 2d 43, 50 (5th DCA 2006).

Here, Plaintiff has not alleged that Defendant lacked the legal authority to arrest him and has not alleged any specific facts indicating that Defendant lacked probable cause.  *See* Doc. 2. Indeed, "to establish probable cause, an officer is required to conduct a *reasonable* investigation, but the officer does not have to take every conceivable step to eliminate the possibility of convicting an innocent person, and law enforcement officers are afforded some latitude for error.

The receipt of information from someone who it seems reasonable to believe is telling the truth is adequate." *Miami-Dade County v. Asad*, 78 So. 3d 660, 674 (Fla. 3d DCA 2012). Moreover, even if Plaintiff's allegations are correct, Plaintiff's arrest appears to have been based upon a warrant, and thus Plaintiff's claim for false imprisonment does not a state a claim upon which relief can be granted. *Willingham*, 929 So. 2d at 50.

### E. Plaintiff has failed to state a § 1983 Claim

In addition to failing to satisfy the statute of limitations, Plaintiff has failed to sufficiently plead facts to support a § 1983 claim. *See supra,* III(A). To state a claim under § 1983, a plaintiff must allege that: (1) defendant deprived him of a right secured under the United States constitution or federal law, and (2) such deprivation occurred under the color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must establish a causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Palmer v. Walker*, 2011 WL 836928 *3 (M.D. Fla. 2011).

Plaintiff's sole allegation in support of his § 1983 claim is that "Defendant, by and through Defendant's Police Department, had a policy and/or procedure wherein Defendant failed to properly train Defendant's police officers in conducting investigations, follow-up investigations and/or in victim identification by witnesses." Doc. 2, ¶ 43.[8] First, Plaintiff has essentially recited the elements of a claim and has not provided sufficient factual allegations to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. Second, more than conclusory allegations are required to state a cause of action under § 1983. *Keating v. City of Miami*, 598 F.3d 753, 762-63 (11th Cir. 2010) ("this circuit, along with others, has tightened the

---

[8] An identical allegation is contained in the duplicative allegation at ¶ 89.

11

application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim"). Moreover, under section 1983, municipal liability arises only when the municipality maintains an unconstitutional policy or custom which is the "moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has failed to sufficiently allege that a policy or custom of Defendant, in failing to train its investigating officers, caused his injuries. Finally, Plaintiff has failed to adequately allege an underlying constitutional violation. *See* Doc. 2, ¶ 43. Therefore, Plaintiff has failed to allege a claim for relief pursuant to 42 U.S.C. § 1983.

Accordingly, it is hereby **ORDERED**:

1. Defendant City of Daytona Beach's Amended Motion to Dismiss Complaint (Doc. 7) is **GRANTED.**

2. Plaintiff D'Arious Bush's Complaint (Doc. 2) is **DISMISSED.** As alleged**,** Plaintiff's claims arising from his January 28, 2008 arrest are clearly barred by the applicable statutes of limitation. Defendant is entitled to sovereign immunity on Count I. Moreover, Plaintiff has failed to state a claim upon which relief can be granted as to Counts II and III. Counts IV, V, and VI are dismissed as duplicative.

3. In his Response to the Motion to Dismiss, Plaintiff requests leave to file an Amended Complaint (Doc. 15). Realizing that Plaintiff has not had an opportunity to amend his Complaint, the Court will grant Plaintiff leave to file an Amended Complaint which cures the deficiencies noted in this Order and which complies with the requirements of Rule 11, Fed. R. Civ. P. Plaintiff is granted leave to file an Amended Complaint within **FOURTEEN (14)** days from the date of this Order

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties